CENTRAL TRUST CO. OF NEW YORK v. MARIETTA & N. G. R. CO.

*(Circuit Court, N. D. Georgia. July 5, 1891.)*

CORPORATIONS — CONSOLIDATION — FORECLOSURE OF MORTGAGE — INTERVENTION BY STOCKHOLDERS.

In a suit to foreclose a railroad mortgage, certain persons petitioned to be made parties defendant, alleging that the defendant company was made up by an illegal consolidation of three other companies, in one of which they were stockholders; that they never consented to, or recognized the validity of, the consolidation, and were not bound by it or by the act of the new company creating the mortgage; that the new company "is perhaps concluded by its conduct in the premises from making defense" to the suit; that the original company, of which they were members, had no officer or representative upon whom they could call to make defense for them; and that the counsel for the consolidated company declined to set up the defense which they desired to make. *Held*, that these facts gave no right to intervene as defendants, especially as there was no charge of fraud or collusion, and the proper remedy is by an independent suit.

In Equity. Bill to foreclose railroad mortgage. On petition of intervention.

*Butler, Stillman & Hubbard* and *H. B. Tompkins*, for complainant.
*Abbott & Smith* and *C. D. Phillips*, for respondent.

NEWMAN, J. The above-named case is a suit in equity, brought by complainant, as the trustee for certain holders of bonds of the defendant corporation, to foreclose the mortgage made to secure such bonds. On this bill a receiver has been appointed by the court, and the usual injunction restraining interference with him allowed. The receiver is in charge of the railroad, and is operating the same by order of the court. C. D. Phillips and others have made application to the court for permission to be made parties defendant in said case, and with leave thereafter to plead or answer as such defendants. The petition is as follows:

"C. D. Phillips, R. F. Maddox, N. S. Eaves, and Henry Wills, who aver themselves to be citizens of the state of Georgia, residing within the said northern district of Georgia, bring this their petition, and show to the court as follows: Each of them is a stockholder in the Marietta & North Georgia Railroad Company, hereinafter called the 'Railroad Company,' in the amount of $9,175, and petitioners were such stockholders at the time of the filing of the bill in the above-stated cause, and at the time the several acts complained of hereinafter took place. The said Railroad Company was incorporated by act of the general assembly of the state of Georgia, approved on the —— day of ——, 1885, and the several acts amendatory thereof, passed prior to the year 1874. Said company was authorized to build, equip, and operate a railroad from the city of Marietta, in the county of Cobb, on through Cherokee, Pickens, Gilmer, and Fannin, to the North Carolina line. On the 14th of April, 1887, a meeting of the stockholders of said Railroad Company appears to have been held in the city of Marietta, Ga., at which meeting all of the stock was not represented, but simply a majority was represented in person or by proxy. At said meeting the president and secretary of the company were instructed to prepare and execute articles of consolidation between the said Railroad Company and the Georgia & North Carolina Railroad Company, a corporation of the state of North Carolina. This meeting adjourned to assemble on the fourth Saturday of the then present month of April, 1887. In pursuance thereof, the said stockholders met on the 23d of April, 1887. The whole number of shares represented in person and by proxy appears to have been over 39,000; total number of shares 55,717. Petitioners had no notice of either of these meetings, and they have not consented to said meetings, nor to the proceedings had thereat. Petitioners allege that the proceedings of these meetings were void for want of notice. The proceedings of the meetings looking to a consolidation of said companies were likewise void for want of power in said Railroad Company to pass the same without the consent of petitioners. It appears that the said stockholders' meeting adjourned again to meet on the 13th of May, 1887. At said last-named meeting a resolution appears to have been passed, reciting that two railroad companies had agreed to consolidate on certain terms. Among other things, it is recited that, 'whereas the railroads of the said two railroad companies are to be connected together, and form a continuous line from Marietta, through Murphy, North Carolina, to some point in North Carolina on the Tennessee line, and that each of said companies is desirous of consolidating its capital stock, property, and franchises with the capital stock and franchises of the other railroad company, so as to form a railroad corporation which shall embrace all of the capital stock, property, and franchises, and have all the power, rights, and privileges, of the said two railroad companies;' that the name and style of the new company shall be the Marietta & North Georgia Railway Company, and all the property, rights, interests, franchises, and privileges of both companies shall be vested in the consolidated company. Also provides that the capital stock of the consolidated company shall be 1,300,000 dollars. It appears, also, that in order to provide means with which to broaden the gauge of the road, and for further construction, and to retire the bonds already issued, etc., the consolidated company should issue its first mortgage bonds, covering all the property and franchises, to the extent of 16,000 dollars per mile, on that portion of the road from Marietta, Ga., to Murphy, N. C.; and 20,000 dollars per mile on that part from Murphy, N. C., to Knoxville, Tenn., and to secure the same by a first mortgage on all the property of the company then owned or thereafter acquired. Your petitioners allege that said agreement of consolidation was void, because said Railroad Company had no power to enter into the same without the consent of petitioners; and the said resolution providing for the issuance of bonds and the securing of the same, as

alleged, was likewise void for the want of power in said company to pass the same. Petitioners have in no wise ratified said action of said stockholders. Even if it should be contended that said consolidation was had in pursuance of authority of law, these petitioners submit that the same was done in pursuance of an amendment of the charter, which materially and fundamentally changes the purposes, aims, and objects sought to be attained by petitioners in their subscription to the capital stock of said Railroad Company, and the same is void as to them. It appears, also, that one of the purposes for which the money to be raised by the sale of said bonds was to provide means to extend the road from Murphy, N. C., to Knoxville, Tenn. Petitioners allege that it was and is illegal without their consent to incumber the property of the company in which they are stockholders, to provide means for the building of a road in Tennessee, and they allege that said bonds and said mortgage, in so far as they were executed with a view to create a lien on the property of said Railroad Company for the purpose of building said Knoxville extension, the same are illegal, null, and void as to these petitioners, and other stockholders standing in the same situation with them. These petitioners charge that the plaintiff in this case had knowledge of the want of power in said defendant company to take said mortgage and issue said bonds at the time it accepted the trust, or, if it had not actual notice, it took said deed of trust and said bonds under such circumstances as to charge it with notice. These petitioners have never in any way recognized the validity of said attempted consolidation, nor have they in any way ratified the action of said defendant company in the issue of said bonds and the execution of said mortgage. Your petitioners further show that said defendant company, in still further violation of the rights of your petitioners, did, on the 25th of November, 1890, attempt to consolidate its property, rights, franchises, and privileges with a corporation known as the 'Knoxville Southern Railroad Company,' which is said to be a corporation under the laws of Tennessee. By this attempted union and consolidation all the property, assets, franchises, and privileges of each of said companies was vested in the defendant railway company. This action was had at what appears to have been a called meeting for that purpose, of which these petitioners had no notice, and to which they have never in any wise consented. The board of directors appear to have ratified the action of the stockholders. This last union and attempted consolidation purports to have wrought some radical change in the charter of said constituent companies. Among other changes, the capital stock is increased to 5,500,000 dollars. The principal office is removed from Marietta, Ga., to Knoxville, Tenn. Petitioners allege that said attempted consolidation is void as against them, because they have never consented to it nor ratified it, and they charge that it is void as to everybody, because the said defendant did not have the power to enter into said consolidation. The said Railroad Company, defendant in said cause, is perhaps concluded by its conduct in the premises from making defense to the plaintiff's cause, and from setting up the defense of petitioners herein set forth. The said Marietta & North Georgia Railroad Company is a party to the cause, and it has no officers or agents, nor other representative, upon whom petitioners can call to enter a defense for them in this cause. The said defendant company declines, through its counsel of record in the cause, to file a defense, and set up the invalidity of said various acts set forth herein. Petitioners now come, and move an order admitting them as defendants to the cause, with leave to plead or answer thereto, by way of defense, the facts herein set forth, and such other additional facts as may appear as against the right of the plaintiff to the relief sought."

It will be perceived that these petitioners claim that they were stockholders in the Marietta & North Georgia Railroad Company, which was

in 1887 consolidated with the Georgia & North Carolina Railroad Company, and subsequently, in the year 1890, with the Knoxville Southern Railroad Company, the entire line now being known as the Marietta & North Georgia Railway Company.   Without passing in any way upon the merits of the application, the petition is considered now solely upon the right of petitioners to be parties defendant, and to appear as such by plea or answer.   As a general rule, a corporation can only appear to defend litigation against it in its corporate capacity, and represented by its properly constituted officers.   The exception to the rule may be stated in the language of the supreme court in the case of *Bronson* v. *Railroad Co.,* 2 Wall. 283:

"In a special case, however, where there is an allegation that the directors fraudulently refused to attend to the interests of the corporation, the court of equity will, in its discretion, allow a stockholder to become a party defendant for the purpose of protecting, from unfounded and illegal claims against the company, his own interest, and the interest of such other stockholders as may choose to join him in the defense."

—And by Justice BRADLEY in the case of *Forbes* v. *Railroad Co.,* 2 Woods, 323, in the following language:

"To be allowed to intervene as general defendants and contestants is another and different thing.   This can be admitted only upon the ground before referred to, to-wit, having an interest in the results as a stockholder or otherwise, and being able to show fraud and collusion between the plaintiffs in the suit and the officers of the company having charge of its interests.   A suggestion in the progress of the suit that an officer of the court is disposed to act fraudulent, or that the court has made an injudicious or erroneous order, will not be sufficient ground to allow such a party to intervene.   Indeed, it is questionable whether in any case, where a suit is properly instituted against a corporation, a stockholder of that corporation can, even on a suggestion of fraud on the part of its officers, come in by way of intervention as party to that suit, and seek to defend or control the proceedings.   An original bill would rather seem to be a proper mode of proceeding."

In the case of *Blackman* v. *Railroad, etc., Co.,* 58 Ga. 189, the supreme court of Georgia, in disposing of a case brought before it for review, where the application was like the one now presented to this court, and it had been denied by the court below, delivered this brief opinion:

"Except in cases generally provided for by the Code, (section 3374,) stockholders cannot plead or defend for the corporation.   That the action is groundless and collusive, and that, for motives of fraud or favor on the part of the officers, the corporation fails or refuses to defend, will make no difference. The stockholders may protect all their rights by instituting a proper action of their own.   In conducting suits due regard must be had to the distinction between parties and those who are not parties.   A corporation is a separate person from any or all the stockholders.   When it is sued alone, they are not before the court; and they cannot interpose in that suit without express statutory authority.   In equity, or possibly at law, under our peculiar jurisprudence, they can take measures, by an original proceeding in their own behalf, to prevent the appropriation of corporate assets to fraudulent claims, though such claims have been fraudulently, by the connivance of the corporation or its officers, reduced to judgment.   The present case does not fall within the terms of section 3374 of the Code, since the judgment is not

to bind the individual property of the stockholders; and no aid can be derived from the act of 1872, the same being unconstitutional."

It is not claimed in the application now before this court that there has been any fraudulent conduct on the part of the officers of the Marietta & North Georgia Railway Company in reference to the suit of the Central Trust Company; nor is it alleged that there is any fraud or collusion between the complainants and the corporation, or its officers and representatives, but only that the "defendant in said case is perhaps concluded by its conduct in the premises from making defense to the plaintiff's cause, and from setting up the defense of petitioners herein set forth;" and that "the Railroad Company, in which these petitioners claim to be stockholders, has no officer nor representative upon whom the petitioners can call to enter a defense for them," and that "the counsel of record for the Railroad Company declines to set up the defense which these petitioners desire to make." The suit to which these petitioners desire to become parties defendant is against the new corporation, the Railroad Company. Assuming that the effect of the consolidation was to make petitioners stockholders in the new corporation, and that the officers of the Railroad Company are their representatives, and that it is incumbent upon them to properly represent the interest of these petitioners, no such bad faith on the part of the corporation or its officers is shown as would justify the court, under what seems to be the recognized rule, in allowing petitioners to intervene as defendants, and file defenses, to this suit against the corporation, and any rights they may have can be asserted otherwise. As stockholders in the old corporation, which they allege has not been legally consolidated with or merged into the new corporation, the argument against their coming into this litigation would be even stronger than if they had been stockholders in the defendant corporation, and no such previous conditions had existed or changes occurred. As to any rights which they claim as such stockholders, asserted to be connected with and to the property which is the subject-matter of the suit, and in the hands of the receiver of this court, they are not remediless, and they should in a proper proceeding be heard, of course. But their prayer to be made parties defendant cannot be granted. This application must be denied, without prejudice, however, to the rights of the petitioners to institute a proper proceeding for the assertion and ascertainment of any rights they may have in connection with the property in the hands of the court and embraced in the suit.