SCHAEFER v. SCOTT et al.

(Supreme Court, Appellate Division, First Department. May 5, 1899.)

CORPORATIONS—ASSIGNMENTS FOR CREDITORS—AUTHORITY OF PRESIDENT.
 A general assignment by a corporation for the benefit of creditors, made by the president without authority from the directors, is void as against the corporation's creditors.

Appeal from trial term, New York county.

Action by John W. Schaefer, assignee of the estate of the Excelsior Paper-Box Company, assigned for creditors, against George Scott and others, for conversion. From a judgment for plaintiff, and an order denying a motion for new trial, defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

Wm. Douglas Moore, for appellants.
Samuel H. Guggenheimer, for respondent.

McLAUGHLIN, J. On the 20th of December, 1897, A. Lindheim, the president and treasurer of the Excelsior Paper-Box Company, a corporation organized under the laws of the state of New York, attempted to make a general assignment of the assets of the corporation for the benefit of its creditors to John W. Schaefer, the plaintiff. The assignment executed was regular upon its face, bore the corporate seal, and purported to be executed by the corporation, "by A. Lindheim, president and treasurer." It was acknowledged by Lindheim, and in the acknowledgment was a statement that the seal was affixed and the name of the corporation signed to the instrument pursuant to authority conferred upon him by the board of directors. The assignee accepted the trust, took possession of the property of the corporation, and filed the bond required by law. Subsequently a creditor of the corporation obtained judgment against it, upon which executions were issued,

and delivered to the sheriff, who levied upon and thereafter sold a portion of the estate in the hands of the assignee. The plaintiff, as assignee of the corporation, thereupon brought this action against the sheriff for conversion of the property taken, and the defendants, the indemnitors upon his bond, were substituted in his place upon a motion made after the commencement of the action. Upon the trial, the foregoing facts, and the value of the property sold by the sheriff, having been established, the plaintiff rested. The defendants' counsel then opened the case to the jury, and in opening stated that he intended to prove that the assignment was never authorized by the board of directors, and that the same was executed by Lindheim without any authority whatever. The plaintiff's attorney thereupon moved upon the opening for the direction of a verdict in favor of the plaintiff, and stated that for the purposes of the motion "it is admitted that this assignment was not authorized by the board of directors." Argument was then had, at the conclusion of which a verdict was directed for the plaintiff for the value of the goods taken, and from the judgment entered thereon the defendants have appealed.

We think the trial court erred in directing a verdict for the plaintiff. The concession that the assignment was not authorized by the board of directors necessarily conceded its invalidity as to the creditors of the corporation. Under the statute the management of the business and affairs of a corporation is committed to a board of directors, and it primarily possesses all the power which the certificate of incorporation confers. Beveridge v. Railroad Co., 112 N. Y. 1, 19 N. E. 489. The board of directors alone has the power to determine whether a general assignment for the benefit of creditors shall be made, and, if so, to direct the execution of it; but the president of a corporation, unless authority be conferred upon him by the board of directors, has no such power. He cannot, unless authorized by the board, dispose of all the property of the corporation, and thus put an end to its existence; and, if he attempts to do so, his acts, as against stockholders and creditors, are absolutely void. The case of Rogers v. Pell, 154 N. Y. 518, 49 N. E. 75, relied upon by the respondent, is not in hostility to, but supports, this view. In that case the board, all the directors being present, passed a resolution that the "company execute a general assignment of its property and effects, without preferences, to a trustee, to be nominated by the president of this company," and the president, in pursuance of the resolution, executed the assignment to himself as assignee. It was claimed, because he named himself as trustee, that this rendered the assignment itself invalid, but the court held that it did not; that the president, having been authorized to execute the instrument, simply exceeded his authority in naming himself as assignee, and that his act in so doing was not void, but voidable at the election of the corporation. The court, however, emphasized the fact that the president had no authority to make the instrument except such as was derived from the resolution. Judge Vann, who delivered the opinion, said; "As neither statute nor by-law regulating the subject was shown,

the power of the corporation to make a general assignment resided in the directors. Vanderpoel v. Gorman, 140 N. Y. 563, 35 N. E. 932. Hence the president had no authority to execute the instrument in question unless it was conferred upon him, expressly or impliedly, by the resolution adopted by the board." In the case now before us the plaintiff's counsel conceded, as we have already seen, that the board of directors of the corporation never authorized the assignment to be made. It must, therefore, be held, both upon principle and authority, that the act of the president in making it was absolutely void as against the creditors or stockholders of the corporation. If we are correct in this conclusion, then it necessarily follows that the plaintiff could not maintain the action, since his right to the possession of the property sold depended entirely upon the validity of the assignment itself. He was not entitled to the possession of the property alleged to have been converted. It belonged to the corporation, and as such could be levied upon and sold by creditors.

Judgment and order should be reversed, and a new trial granted, with costs to the appellants to abide the event. All concur.