which the appellant seeks to raise are presented by the appeal from the interlocutory judgment.

We think the demurrer to the separate defense set up in paragraph 7 of the answer should have been sustained. That paragraph alleges, in substance, that in and by the agreement between the defendants and plaintiff's assignors the latter bound themselves to send defendants orders only from first-class firms, who would pay to defendants a commission of 1 per cent. per bushel on the wheat sold by defendants for them, of which commissions the defendants agreed to credit plaintiff's assignors with three-eighths, and that the first-class firms were to pay all cable expenses. There is no breach of this agreement alleged, the only allegations in this respect being "that said first-class firms have refused to pay defendants any of said commissions or cable expenses." Why they refused, or what bearing their nonpayment has upon the agreement alleged, does not appear; and, taking all the allegations of the paragraph together, we do not find any defense stated, and for this reason the demurrer to it should, as already intimated, have been sustained.

As to the counterclaim, we think the allegations are sufficient, and therefore the demurrer to it was properly overruled.

It follows that the judgment appealed from should be modified by sustaining the demurrer to the separate defense, with leave as to this defense to answer over on payment of costs; and as so modified the interlocutory judgment should be affirmed, without costs to either party upon this appeal.

---

NATIONAL BANK OF NEWPORT v. H. P. SNYDER MFG. CO.

(Supreme Court, Appellate Division, Fourth Department. July 6, 1905.)

1. CORPORATIONS—NOTES—AUTHORITY OF OFFICERS TO MAKE NOTE.

To recover on a note purporting to be executed by a corporation by its president and treasurer, there should be proof of the specific authority to affix the corporate name to the note, or that the corporation received the avails of the note, or that there was a course of business which justified the plaintiff in accepting it as the obligation of the corporation.

[Ed. Note.—For cases in point, see vol. 12, Cent. Dig. Corporations, §§ 1641, 1644.]

2. SAME—ACCOMMODATION PAPER.

Where a note was in fact accommodation paper, and the holder knew of such defect, proof of the execution of the note by the president and treasurer of the corporation, which appeared as maker, was insufficient to bind the defendant.

[Ed. Note.—For cases in point, see vol. 12, Cent. Dig. Corporations, § 1646.]

3. SAME—ACTION—EVIDENCE—COMPETENCY.

In an action on a note purporting to have been made by a corporation, by its president and treasurer, payable to another corporation, and by it indorsed to plaintiff bank, it was error not to permit defendant to show that the note had been really for the benefit of the payee, which fact was known to plaintiff, and that the officers put the note in circulation without authority of the defendant.

**4. SAME—EVIDENCE—COMPETENCY.**

> It was error not to permit defendant to show that the interest on the note at each renewal had been paid by the payee, and not by defendant, and that defendant had never been called on for a payment of interest.

Appeal from Trial Term, Herkimer County.

Action by the National Bank of Newport against the H. P. Snyder Manufacturing Company. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

Myron G. Bronner, for appellant.
Robert Forsyth Little, for respondent.

SPRING, J. This action was commenced to recover on a promissory note of $5,000, dated July 14, 1903, due in four months, purporting to be executed by the H. P. Snyder Manufacturing Company, a domestic corporation, and attested by its president and treasurer, and payable to the order of the Newport Knitting Company, also a domestic corporation. The note in suit was the end of a series of notes, each similar in form, and commencing with the 1st of November, 1901, negotiated with the plaintiff. On the trial the genuineness of the signatures of the president and treasurer to the note was admitted, although the admission did not extend to their authority to give the note in suit, or any of the series. The reception of the note in evidence was objected to by the defendant on the ground that the authority of these officials to execute the note did not appear, but the note was received without this proof. We doubt whether the mere fact that the note was signed by the president and treasurer is sufficient to establish the validity of the note. People's Bank v. St. Anthony's R. C. Church, 109 N. Y. 512, 17 N. E. 408; Bangs v. National Macaroni Co., 15 App. Div. 522, 44 N. Y. Supp. 546. There should be proof of the specific authority to affix the corporate name to the note as its obligation, or that the corporation received the avails of the note, or that there was a course of business which justified the bank in accepting it as the obligation of the corporation.

The proof is equally defective as to the indorsement of the payee, but it does appear that the avails were credited to that company, and it is not made a party, so that it may not be necessary to state the facts as to the transfer of the note by it.

Even if proof of the execution of the note by the president and treasurer were sufficient to bind the corporation on a note for its benefit, such rule does not obtain if the note was in fact accommodation paper, and the bank knew of this defect. National Park Bank v. G. A. M. W. & S. Co., 116 N. Y. 281, 22 N. E. 567, 5 L. R. A. 673; Bank of Genesee v. Patchin Bank, 13 N. Y. 309; Daniels on Negotiable Instruments (3d Ed.) par. 392. If the proof excluded, and to which we will advert later, had been received, it may be that the defendant could have produced sufficient evidence to permit the jury to find that the note was in fact accommodation

paper executed without the authority of the defendant, and that the bank was aware of the infirmity at the time the note was accepted by it.

Mr. Senior was director and secretary of the defendant, and also manager of the Newport Company, the payee named in the note. He testified:

"I am acquainted with Joseph T. Wooster, who is cashier of the plaintiff, the National Bank of Newport. I have known him since late in 1890. I had a conversation with him at the plaintiff's bank, in the village of Newport, in about the month of November, 1901, concerning the note dated on or about November 13, 1901, which I have spoken of. I called at the bank, and Mr. Wooster said to me that the bank examiner had found fault with the Newport paper, and that something had got to be done about it. He asked me if some of it couldn't be paid. I said it could not be; it was not convenient for us to pay it. He asked me if we wouldn't get the H. P. Snyder Manufacturing Company's note in the place of the Homer P. Snyder note. I said that I thought it could be done; that Mr. Sheard and I owned half of the stock of that company, and I thought we could get it all right, but, of course, I would have to go home and find out. Mr. Wooster said that, if I found it to be all right, to send up the H. P. Snyder Manufacturing Company's note."

The defendant sought to show that in pursuance of this conversation he saw the officers of the defendant, and that the original note was thereupon given. We think this evidence was competent, if followed up, as the defendant endeavored to do, by showing that the note was really for the benefit of the payee, and that the bank knew this fact, and that the officers put the note in circulation without the authority of the defendant. The defendant in various ways attempted to show the origin of this series of notes, but the evidence was excluded at the instance of the plaintiff. This class of evidence may have been important, and should have been received.

Again, the defendant endeavored to show that the interest on these notes at each renewal was paid by the Newport Company, and not by the defendant, and that none of them was ever presented to the defendant for payment. This class of evidence, with some other that was excluded, may be significant upon the question of the knowledge which the plaintiff had as to the character of the paper—whether only that of the defendant, or intended for the accommodation of the payee. It may be that these two manufacturing corporations were so interconnected that the defense alleged is of no importance, but we cannot determine that question now, with substantially all the proof excluded.

The judgment should be reversed and a new trial granted, with costs to abide the event.

Judgment reversed and new trial ordered, with costs to appellant to abide the event. All concur.