## In re JEFFERSON CASKET CO.

(District Court, N. D. New York. November 19, 1910.)

1. BANKRUPTCY (§ 44*)—VOLUNTARY PETITION—PREPARATION—CORPORATION SIGNING BY PRESIDENT—AUTHORITY.

General Corporation Law N. Y. (Laws 1909, c. 28 [Consol. Laws, c. 23]) § 34, provides that the affairs of every corporation shall be managed by the board of directors; that, unless otherwise provided, a majority of the board shall be necessary to constitute a quorum; and that the act of a majority of the directors present at a meeting at which a quorum is present shall be the act of the board. Section 43 declares that, whenever a corporation is authorized to take any action by the agreement or action of its directors, managers, or trustees, such agreement or action may be taken by such board regularly convened as a board, and acting by a majority of a quorum, except when otherwise expressly provided by law or the by-laws of the corporation, and any such agreement shall be executed on behalf of the corporation by such officers as shall be designated by the board of directors, managers, or trustees. *Held* that, since the president of a corporation has no inherent power to take the requisite steps to have the corporation declared a bankrupt, a voluntary bankruptcy petition filed on behalf of a corporation, signed and verified by the president, but failing to show that any corporate action by the board of directors had been taken, authorizing the filing of the petition, or empowering the president to execute the petition in the name of the corporation, was insufficient to confer jurisdiction on the bankruptcy court to adjudge the corporation a bankrupt.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 44.*]

2. CORPORATIONS (§ 432*)—OFFICERS—AUTHORITY OF PRESIDENT.

Where it did not appear that the president of a corporation had personal charge of its business, it would not be presumed that he represented the corporation, and prima facie had power to do any act which the directors could authorize or ratify.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1718; Dec. Dig. § 432.*]

---

3. CORPORATIONS (§ 421*)—AUTHORITY OF OFFICERS—ASSIGNMENT FOR CREDITORS.

The president of a New York corporation has no power, unless authorized by the board of directors, to execute an assignment of the corporation's property for the benefit of creditors. .

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1657–1659; Dec. Dig. § 421.*

Power of corporation to assign for benefit of creditors, see note to Sidell v. Missouri Pac. Ry. Co., 24 C. C. A. 221.]

In the matter of the petition of the Jefferson Casket Company to be adjudged a voluntary bankrupt. On objection to the petition. Sustained.

Howard R. Sturtevant, for petitioner.

RAY, District Judge. The petition filed says:

"The petition of Jefferson Casket Company of the town of Gouverneur, county of St. Lawrence, in said district and state, respectfully represents that it is a domestic corporation duly organized and existing under and by virtue of the laws of the state of New York; that it is neither a municipal, railroad, insurance, or banking corporation; * * * that it owes debts which it is unable to pay in full; that it is willing to surrender all its property for the benefit of its creditors, except such as is exempt by law, and desires to obtain the benefit of the act of Congress relating to bankruptcy."

The petition then refers to the schedules annexed as showing the creditors and property of the corporation, and concludes:

"Wherefore your petitioner prays that it may be adjudged by the court to be a bankrupt within the purview of said acts."

It is signed:

"Jefferson Casket Company,
"By Frank N. Freeman, Pres.

"Howard R. Sturtevant,                                     Petitioner.
"Attorney for Petitioner,
"Gouverneur, N. Y."

The verification of this petition says:

"I, Frank N. Freeman, of Gouverneur, New York, president of the Jefferson Casket Company, the petitioning debtor mentioned and described in the foregoing petition, do hereby make solemn oath that the statements contained therein are true according to the best of my knowledge, information and belief.
"Frank N. Freeman.

"Subscribed and sworn to," etc.

Neither the body of the petition, nor the verification, nor the schedules annexed thereto states or shows that any corporate action, or action by the board of directors, has been had authorizing the filing of a petition in bankruptcy or authorizing said Freeman to execute the petition in the name of the corporation, unless it may be legitimately inferred from the statement "and desires to obtain the benefit of the acts of Congress relating to bankruptcy."

I am of the opinion that this petition fails to present legal evidence that it is the act of the corporation or authorized by it. The right of a president of a corporation to represent it and speak for it is a limited

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

one. Corporations act, and must act, by their respective boards of directors, managers, or trustees, under the statute creating them.

The general corporation law of the state of New York (chapter 28, Laws 1909; chapter 23, Consol. Laws), in section 10, provides that:

"No corporation shall possess or exercise any corporate powers not given by law, or not necessary to the exercise of the powers as given."

Section 34 provides that:

"The affairs of every corporation shall be managed by its board of directors at least one of whom shall be a resident of this state. Unless otherwise provided a majority of the board of directors of a corporation at a meeting duly assembled shall be necessary to constitute a quorum for the transaction of business and the act of a majority of the directors present at a meeting at which a quorum is present shall be the act of the board of directors."

Section 43 provides:

"As to acts of directors. Whenever, under the provisions of any of the corporate laws, a corporation is authorized to take any action by the agreement or action of its directors, managers or trustees, such agreement or action may be taken by such directors, regularly convened as a board, and acting by a majority of a quorum, except when otherwise expressly required by law or the by-laws of the corporation and any such agreement shall be executed in behalf of the corporation by such officers as shall be designated by the board of directors, managers, or trustees."

The important step of going into voluntary bankruptcy, ceasing to perform the corporate functions, and surrendering all its property to a trustee to be appointed by the court and creditors, same to be administered and distributed by the court, is one that can be authorized by the board of directors only, and the president, under the statute quoted, can only execute such a petition in the name of the corporation on being authorized so to do by the directors, managers, or trustees.

The execution and filing of such petition is the institution of a proceeding in court for the surrender by the corporation of all its property, real and personal, and is entirely outside the usual or ordinary course of business of the corporation. Can or should the court, in such case, assume or presume that the president of the corporation, in executing such a petition in the name of the corporation, has been duly authorized so to do from the mere fact that he signs the corporate name to the petition and verifies it; there being no allegation of action by the directors or of authority conferred to make such a petition? And has the court jurisdiction to adjudicate a corporation a bankrupt in the absence of proof or an allegation duly verified that the board of directors, managers, or trustees has decided to ask such action?

It seems to me, on general principles, in view of the fact that no actual notice of the filing of a voluntary petition by a corporation is required or given to the board of directors or to stockholders or any of its officers, that to adjudicate a corporation a bankrupt on such a petition would be dangerous. It would put it in the power of a dishonest officer, without incurring the penalty of perjury, to financially embarrass, if not ruin, a corporation. The court would be judicially determining that a corporation was a bankrupt concern, and that it desired the benefit of the bankruptcy law, without any proof or even allegation before it that the board of directors of such corporation desired

or had asked for such action. I do not think the court has jurisdiction to adjudge a corporation a voluntary bankrupt until it has a verified petition before it showing that the board of directors, at a meeting duly held, has determined to make and file such a petition and has authorized or designated the officer or officers making it to execute same on behalf of the corporation. A corporation cannot file a petition in bankruptcy until that is done, and the court cannot or should not assume or presume that such authority has been conferred by the board of directors on its president from the mere fact that he uses the corporate name by himself as president. On an adjudication being made and the appointment of a trustee, all the property, real and personal, of the corporation, is vested in such trustee as of the date of adjudication. In effect it is a transfer of real estate, if any, to the trustee in bankruptcy, and the general corporation law referred to, in section 71, art. 4, provides that a lease, mortgage, or sale of corporate real property shall be made only on a petition setting forth, amongst other things:

"(5) That such sale, mortgage or lease has been authorized by a vote of at least two-thirds of the directors, trustees or managers of the corporation at a meeting thereof, duly called and held, and a copy of the resolution granting such authority."

In view of this statutory requirement, I think a petition in this court, in order to justify an adjudication in voluntary bankruptcy and a consequent transfer of all the property of the corporation, real and personal, to a trustee, should at least allege and show corporate action by the board of directors authorizing the petition and its execution by the officer signing the name of the corporation thereto. Such an act is not within the general scope of the duties of the president of such a corporation.

In 10 Cyc. 1003, this is stated as the law:

"Presumption of Authority and Regularity of Corporate Acts—1. Generally. Excluding the operation of express statutes, a very extensive principle of the law of corporations, applicable to every kind of written contract executed ostensibly by a corporation, and to every kind of act done by its officers and agents professedly in its behalf, is that, where the officer or agent is the appropriate officer or agent to execute a contract or to do an act of a particular kind in behalf of the corporation, the law presumes a precedent authorization, regularly and rightfully made, and it is not necessary to produce evidence of such authority from the records of the corporation; always provided that the corporation itself had the power, under its charter or governing statute, to execute the contract or to do the act."

Conceding this to be the law (the authorities cited do not sustain it), and this petition is insufficient as under the New York corporation law quoted, the president of the Jefferson Casket Company who signed the corporate name to the petition does not appear to be, and is not shown to be, the appropriate officer or agent of this corporation to do an act of this kind in behalf of the corporation. No such power is conferred on the president by statute; but, on the other hand, the act, if done at all, is to be done by the officer designated by a vote of the board of directors. The board of directors may designate the president, and they may designate some other officer. It does not appear that the president of this company was its managing officer or agent, or that

he was the officer who usually acted in the transaction of the business of the corporation. In President, etc., of Bank of the United States v. Dandridge et al., 12 Wheat. 64, 6 L. Ed. 552, it was held that:

"The acceptance of a cashier's bond by the board of directors of the bank may be proved, without the production of a written record, by the facts that the person acted as cashier, and was recognized as such by the directors, and that the bond was required to be given as a condition precedent to his so acting, and was actually among the corporate documents."

In United States v. Amedy, 11 Wheat. 392, 6 L. Ed. 502, Amedy was indicted for destroying a vessel with intent to defraud an insurance company. Held, it was only necessary to prove that the insurance company was in fact organized and acting, and that the usually acting officers of the company executed the policy. This is far from holding that the president of a corporation who signs the corporate name to a petition in voluntary bankruptcy is, in the face of the provisions and requirements of the general corporation law of New York, presumptively authorized by the board of directors so to do, and that it is also presumed the board of directors has at a duly called meeting decided to file a petition and take the benefits of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418]).

As, to confer jurisdiction on the state courts of New York to mortgage, lease, or sell the real estate of a corporation organized under its laws, it is necessary that the petition show the action of the board of directors in the manner and to the extent stated, and as an adjudication in bankruptcy has the same effect—that is, operates as a transfer of the real property of the corporation to a trustee—I am constrained to hold that a voluntary petition in bankruptcy filed by a corporation must show that the execution and filing of the petition has been duly authorized by a vote of the directors.

In United States v. Dandridge, 12 Wheat. 64, 69, 6 L. Ed. 552, quoted and approved by the court in Sun Printing & Publishing Association v. Moore, 183 U. S. 650, 22 Sup. Ct. 240, 46 L. Ed. 366, the rule is stated thus:

"If officers of a corporation openly exercise a power which presupposes a delegated authority for the purpose, and other corporate acts show that the corporation must have contemplated the legal existence of such authority, the acts of such officers will be deemed rightful, and the delegated authority will be presumed."

That is not this case. Here we have no proof or showing of other corporate act or acts of the president which show that the corporation ever contemplated an authority in, or a grant of authority to, its president to make and file a petition in voluntary bankruptcy in its name.

In Potts v. Wallace, 146 U. S. 689, 705, 706, 13 Sup. Ct. 196, 36 L. Ed. 1135, it was held that, in the absence of proof of authority, it could not be presumed that the president of a bank had authority to direct its treasurer to refuse a subscription to the stock of the bank or to refuse to receive money on such a subscription. The court, among other things, said:

"But the general rule is that the president cannot act or contract for the corporation, except in the course of his usual duties."

In Bank of the United States v. Dunn, 6 Pet. 51, 8 L. Ed. 316, quoted and approved in Potts v. Wallace, supra, it was held that an agreement by the president and cashier of a bank that an indorser should not be liable on his indorsement does not bind the bank, as it is not the duty of such officers to make such contracts, and that they have no power to bind the bank except in the discharge of their ordinary duties.

Suppose such a release signed by the president and cashier should be offered to a court, would it be presumed that they had been duly authorized by the board of directors to execute it; it being outside of and beyond their ordinary duties? I think that, when a court is called upon to act upon a petition or application of a corporation presented to it by one of its officers and which has signed to it the corporate name by such officer, the court should refuse to act thereon against the corporation, unless it appears on the face of such papers that the action proposed and requested by the petition has been sanctioned or requested by the directors and the execution of the petition authorized, unless it be in those cases where the execution of such paper would be within the reasonable scope of the customary duty of such official.

In Harrison, New York Corporations, it is said:

"It may be stated, broadly, however, that a corporate official will be presumed to have any power claimed or exercised by him within the reasonable scope of the customary duties of such officials, if such authority is not denied by the corporation."

I think this view is sustained by the cases cited and also by the decisions in People's Bank v. St. Anthony's R. C. Church, 109 N. Y. 512, 521–524, 17 N. E. 408; C. Bank v. G. T. Church, 127 N. Y. 361, 368, 369, 28 N. E. 29; M. & M. Bank v. A. H. Co., 113 App. Div. 194, 199, 99 N. Y. Supp. 98; National Bank of Newport v. H. P. Snyder Mfg. Co., 107 App. Div. 95, 96, 94 N. Y. Supp. 982.

In People's Bank v. St. Anthony's R. C. Church, supra, it was held:

"Proof that a promissory note, purporting to be made by a corporation, was signed by its president and secretary, does not show that it is the note of the corporation, without proof that it was made by its authority. An agency can neither be created nor proved by the acts or declarations of the assumed agent alone. In an action against a corporation, the presumption that its officers have done their duty does not stand for proof of authority, in a matter outside of their official duties, and where special authority must have been conferred to justify the act."

In National Bank of Newport v. H. P. Snyder Mfg. Co., supra, it was held:

"In an action brought by a bank against a corporation to recover upon a promissory note purporting to have been executed by it, and which was discounted by the plaintiff bank, it is doubtful whether the mere fact that the note is attested by the signatures of the president and treasurer of the corporation is sufficient to establish the validity of the note.

"It seems that there should be proof of the specific authority of the president and treasurer to affix the corporate name to the note as its obligation, or that the corporation received the avails of the note, or that there was a course of business which justified the plaintiff bank in accepting the note as the obligation of the corporation."

In Miners' & Merchants' Bank v. Ardsley Hall Co., supra, it was said:

"The weight of authority, however, in this jurisdiction, is to the effect that a recovery cannot be had against either a religious or a business corporation on commercial paper, unless the evidence taken as a whole shows or warrants a finding not only that the paper was issued by officers of the corporation, but that its issuance was authorized by the by-laws, or by a resolution of the board of directors, or by a course of dealing by which the corporation held them out as authorized to issue it and would be deemed estopped from questioning their authority or of ratification by the acceptance and retention of some benefit or advantage from the unauthorized act or otherwise."

It is clear that special authority of the board of directors of a New York corporation is essential to confer authority upon its president to execute and file a petition in its behalf in voluntary bankruptcy, and this fact brings the case directly within People's Bank v. St. Anthony's R. C. Church, supra.

In 2 Machen's Modern Law of Corporations, 1370–1372, § 1668, will be found an interesting and instructive line of cases on the subject of implied powers of the president of a corporation. They are not in harmony; nor are all the New York cases, as, for instance, we find it stated in Oakes v. C. W. Co., 143 N. Y. 430, 436, 38 N. E. 461, 462, 26 L. R. A. 544, that:

"Where the president of a private corporation has full personal charge of its business, he represents the corporation, and prima facie has power to do any act which its directors could authorize or ratify."

This, of course, would not help out this petition filed in this case, as it does not show that the president had or has full personal charge of the business of the corporation. However, in Hastings v. B. L. Ins. Co., 138 N. Y. 473, 479, 34 N. E. 289, 291, we find the rule thus stated:

"The president or other general officer of a corporation has power, prima facie, to do any act which the directors could authorize or ratify."

However, the court almost immediately says:

"The true test of his authority to bind the corporation is not whether he acts in the general office or in a distant office, but whether, at the time, he is engaged in the discharge of the general duties of his office and in the business of the corporation."

Going into bankruptcy is a "special act" requiring "special" action, and is not a "general" duty of the president or "the business" of the corporation. It is a cessation and an abandonment of business, and a surrender of its property to a trustee to be appointed by its creditors and approved by the court for the payment of such creditors according to law. This is a power which resides in the directors.

In Rogers v. Pell, 154 N. Y. 518, 527, 49 N. E. 75, 77, the court said:

"As neither the statute or by-law regulating the subject was shown, the power of the corporation to make a general assignment resided in the directors. Vanderpoel v. Gorman, 140 N. Y. 563 [35 N. E. 932, 24 L. R. A. 548, 37 Am. St. Rep. 601]. Hence the president had no authority to execute the instrument in question unless it was conferred upon him, expressly or impliedly, by the resolution adopted by the board."

That is, the president of a corporation has no such general or implied power.

And in Schaefer v. Scott, 40 App. Div. 438, 439, 57 N. Y. Supp. 1035, 1036, the court said:

"The board of directors alone has the power to determine whether a general assignment for the benefit of creditors shall be made, and, if so, to direct the execution of it; but the president of a corporation, unless authority be conferred upon him by the board of directors, has no such power. He cannot, unless authorized by the board, dispose of all the property of the corporation, and thus put an end to its existence, and, if he attempts to do so, his acts as against stockholders and creditors are absolutely void."

All this confirms the proposition that not being within the general powers of the president of a corporation in transacting its business, when such business is intrusted to him, generally, to make an assignment for creditors, it is not presumed that the power has been granted from the mere fact that the president assumes to exercise it. See, also, De La Vergne Co. v. German Savgs. Ins., 175 U. S. 40, 53, 20 Sup. Ct. 20, 44 L. Ed. 65, and cases there cited.

This being true of a general assignment for the benefit of creditors under the state law, it must be true under the bankruptcy law.

There will be an order refusing adjudication on the petition as filed, but allowing the filing of an amended petition within 20 days alleging the necessary additional facts.