## REGAL CLEANERS & DYERS, Inc., v. MERLIS et al.

(Circuit Court of Appeals, Second Circuit. June 1, 1921.)

### No. 248.

1. **Corporations** ⟐419—**Within discretion of directors whether or not to defend suit.**

As a general rule, a corporation can appear to defend a litigation only in its corporate capacity, represented by its properly constituted officers, so that, where a suit is brought against it, it is ordinarily within the discretion of the directors whether or not to defend.

2. **Bankruptcy** ⟐43—**Officer of corporation cannot file petition in bankruptcy without consent of directors.**

There is no presumption of authority in an officer of a corporation to make and file a voluntary petition in bankruptcy, and he may not do so without the consent of the directors.

3. **Bankruptcy** ⟐63—**Directors of corporation may admit insolvency, though creditors, if in good faith.**

Directors of a corporation may vote to admit its insolvency, even though they be creditors, if they do so in good faith.

4. **Bankruptcy** ⟐89(1)—**President of corporation may file answer to involuntary petition without authority of directors, where latter equally divided for and against adjudication.**

Proceedings in bankruptcy being in the nature of proceedings in equity, in certain cases in which a stockholder may intervene and set up any defense which could properly be made by the corporation, while it is ordinarily beyond the power of the president of a corporation against which a petition in involuntary bankruptcy is filed to interpose an answer therein without authorization by the directors, yet where such a corporation was solvent, and its adjudication in bankruptcy might cause irremediable injury to stockholders, and two of its four directors favored its adjudication, the president, in the due performance of the duties of his office, might file answer as such officer in the proceedings, without first applying to the directors for authorization.

Ward, Circuit Judge, dissenting.

Petition to Revise Order of the District Court of the United States for the Eastern District of New York.

Involuntary petition in bankruptcy by Charles S. Merlis and others, against the Regal Cleaners & Dyers, Inc. Motion to strike out the al-

leged bankrupt's answer and the appearance of its attorneys denied, and petitioners seek to revise order. Affirmed.

Emanuel Sustick, of New York City, for petitioners.

Myers & Kutner, of New York City, for alleged bankrupt.

Before WARD, HOUGH, and MANTON, Circuit Judges.

MANTON, Circuit Judge. On January 10, 1921, the petitioners filed a petition in the District Court to have the Regal Cleaners & Dyers, Inc., a New York corporation, adjudged an involuntary bankrupt. The grounds alleged were insolvency and a preference and transfer made in fraud of creditors. An answer was filed, denying the allegations of the petition. It alleged that the petition was filed as a result of a conspiracy to accomplish the ruin of the alleged bankrupt corporation. It was verified by its president. A petition was then filed to strike out the answer from the files of the court below and the appearance made by the attorneys for the corporation, on the ground that the appearance of the attorneys and the verification and filing of the answer were unauthorized acts. It is conceded that the board of directors did not authorize the filing of the answer. There are four directors of the corporation, two of whom appear to want the corporation to be adjudicated a bankrupt, and two of whom oppose. The question presented is, under these circumstances, is it the duty of a president, and may he, without authorization from the board of directors, file an answer placing in issue the allegations of a petition setting forth acts of bankruptcy consisting of fraud and deceit to hinder and delay its creditors while insolvent?

[1, 2] Two of the petitioning creditors were directors of the alleged bankrupt. The claim of the two directors who are seeking to sustain the result below is that the petitioners, who are directors and creditors of the corporation, are dissatisfied with the conduct of the business and are seeking to dissolve the corporation. As a general rule a corporation can appear to defend a litigation only in its corporate capacity represented by its properly constituted officers. Central Union Trust Co. v. Marietta (C. C.) 48 Fed. 14. So where a suit is brought against a corporation, it is ordinarily within the discretion of the directors whether or not to defend. General Electric Co. v. West Ashville Imp. Co. (C. C.) 73 Fed. 386. There is no presumption of authority in an officer to make and file a voluntary petition in bankruptcy, and he may not do so without the consent of the directors. In re Jefferson Casket Co. (D. C.) 182 Fed. 689; In re Southern Steel Co. (D. C.) 169 Fed. 702.

[3, 4] There is no objection to directors of a corporation voting to admit its insolvency, even though they be creditors of the corporation, if they do so in good faith. Home Powder Co. v. Geis, 204 Fed. 569, 123 C. C. A. 94. Proceedings in bankruptcy are in the nature of proceedings in equity. Bardes v. Hawarden Bank, 178 U. S. 524, 20 Sup. Ct. 1000, 44 L. Ed. 1175. In certain cases in equity, a stockholder may intervene and set up any defense which could properly be made by the corporation. Bronson v. La Cross, etc., R. R. Co., 69 U. S. 283, 17

L. Ed. 725. If there exists a defense to this petition, while ordinarily it is beyond the authority conferred upon a president of a corporation to interpose an answer, still circumstances may exist which, in equity, would require him filing an answer, although he has not the authority of a resolution of the board of directors of his corporation. If the company is solvent, for the president not to prevent such a result might cause irremediable injury, or perhaps total failure of justice to the stockholders. Under these circumstances, we think the president should, in the due performance of the duties of his office, verify and file an answer as such officer. Ordinarily he must make an earnest effort with the managing body of the corporation, the directors, to induce remedial action on their part, and this must be made apparent to the court. If he fails with the directors, he may then proceed. If he does not make request of the directors, he may show that a request would be futile. Such appears from the facts here. There is no showing that the directors have been requested and have refused, but it does expressly appear that two of the four directors are in favor of the adjudication in bankruptcy. Thus the vote is a tie. Under these circumstances, to apply to the directors for instructions would be futile. We think that the answer should be permitted to stand, and the issues as to the questions involved tried.

The order is affirmed.

WARD, Circuit Judge (dissenting). No more important corporate question can arise than whether a company against which a petition in bankruptcy has been filed shall resist or consent to an adjudication. It is quite inconceivable to me that the president by virtue of his office can commit the company either way, more especially in a case like the present, where he is one of four directors who are equally divided in opinion and who own the whole capital stock of the company in equal shares. The attitude of the company is to be determined by the board of directors and when the board of directors is equally divided the company can neither resist nor consent to an adjudication. Therefore I think the motion to strike the answer and the appearance of attorneys in support of it from the files of the court as unauthorized by the company should have been granted. This would have left the court under section 18e of the Bankruptcy Act (Comp. St. § 9602) either to make an adjudication as upon default or to dismiss the petition, if any fatal legal defects appeared on the face of it. The court below did not know, and we do not know, which of these contesting parties was right. The question was purely one of law, and it seems to me that a practice is approved which may hereafter lead to dangerous consequences.