## In re COMMUNITY BOOK CO., Inc.

### Petition of BEACH.

(District Court, D. Minnesota, Third Division. February 11, 1926.)

### No. 3655.

1. Bankruptcy ⊜⇒44—Objection to amendable defects of voluntary petition, made after adjudication, held too late.

Objection to defects in form of voluntary bankruptcy petition is too late after adjudication, if such defects might have been cured by amendment before adjudication.

2. Bankruptcy ⊜⇒43, 51—Filing of voluntary petition by corporation's president, without authority by board of directors, held not to give court jurisdiction; adjudication must be vacated.

Filing of voluntary petition, signed and verified by president of corporation, on its behalf, without authority by board of directors, but after consulting with certain officers, *held* not act of corporation, bankruptcy court acquired no jurisdiction, and adjudication must be vacated.

In Bankruptcy. In the matter of the Community Book Company, Inc., bankrupt. On petition of Ashley H. Beach, a creditor, that adjudication be vacated, and that petition be dismissed for lack of jurisdiction. Adjudication vacated, and petition dismissed.

Charles S. Kidder and Ewing & Bowen, all of St. Paul, Minn., for petitioning creditor.

Thomas Jefferson McDermott and William P. O'Brien, both of St. Paul, Minn., and William Howard Anderson, of Minneapolis, Minn., for bankrupt.

JOHN B. SANBORN, District Judge. Prior to the filing of the petition in bankruptcy herein, the principal place of business of the book company was destroyed by fire. The insurance companies who were on the risk finally agreed to pay about $4,000 in settlement of the loss. Certain creditors of the company then brought suit and garnished the insurance companies.

Earle K. Pottle, president of the company, after consulting with one or two of the other officers, and believing it to be for the best interests of the company and creditors, made and filed, on behalf of the corporation, a petition in bankruptcy, signed by him as its president, and verified by him. Neither the petition nor the verification recited any authority granted by the board of directors, and it is conceded that there was no action of the board conferring authority upon Mr. Pottle. The petition also failed to recite that the corporation was not a municipal, railroad, insurance, or banking corporation, and it did not have the corporate seal attached.

If the adjudication is vacated, the creditors who garnished the insurance will get substantially all of the assets of the estate, so that there is every practical reason why the petition of the objecting creditor should be denied.

[1] The court is asked to determine that it had no jurisdiction to make the adjudication:

First. Because of defects apparent upon the face of the petition—the failure of the petition to show that the corporation was not a municipal, railroad, insurance, or banking corporation, the lack of the corporate seal, and failure to show corporate authority for its execution.

Second. Because the making and filing of the petition by the president was never authorized by the board of directors of the corporation, and constituted his own act.

"An objection to the petition of a corporation for failure to comply with the requirements of the Bankruptcy Act is too late after adjudication, where, if made prior to adjudication, the defects could have been cured by amendment." 7 C. J. 43; Dodge v. Kenwood Ice Co., 204 F. 577, 123 C. C. A. 103. The defects in the form of the petition are all of this character.

[2] "An officer of a corporation cannot admit inability to pay debts and signify the willingness of a corporation to be adjudged bankrupt, unless authorized by a resolution passed at a meeting of the stockholders or directors." Collier on Bankruptcy (13th Ed.) vol. 1, p. 180; In re Burbank (D. C.) 168 F. 719. An officer cannot file a petition for the voluntary bankruptcy of a corporation, unless authorized by the board of directors. Collier on Bankruptcy (13th Ed.) vol. 1, p. 200; Schaefer v. Scott, 40 App. Div. 438, 57 N. Y. S. 1035; In re Jefferson

Casket Co. (D. C.) 182 F. 689; Regal Cleaners & Dyers, Inc., v. Merlis (C. C. A.) 274 F. 915, 48 Am. Bankr. Rep. 681; In re Southern Steel Co. (D. C.) 169 F. 702.

The case of Dodge v. Kenwood Ice Co., supra, is authority for the proposition that the board of directors of a Minnesota corporation has the power to adopt a resolution that the corporation is unable to pay its debts and is willing to be adjudged a bankrupt; also for the proposition that, where there are three directors of a corporation, and one has, by his conduct, in effect abandoned his office, the other two can meet as a board and pass a resolution that the corporation go into voluntary bankruptcy. The court did not hold in that case that, without a meeting of the board of directors and a resolution, the president might have filed a petition, but held that there had been a proper meeting of the board, and that proper authority had been granted, and that, although the petition itself did not recite the granting of such authority, the court had jurisdiction to grant the adjudication, and that an objection to the sufficiency of the petition, made afterwards, came too late.

In the instant case it is conceded that there was no meeting of the board of directors whatsoever, and no corporate action. The fact that the president may have spoken to other officers before taking the action which he did would not make the filing of the petition the act of the corporation. Three cases have been cited as sustaining the position of the bankrupt:

Regal Cleaners & Dyers, Inc., v. Merlis (C. C. A.) 274 F. 915, 48 Am. Bankr. Rep. 681. That case states that there is no presumption of authority in an officer to make and file a voluntary petition in bankruptcy, and that he may not do so without the consent of the directors, but holds that the president of a company against which an involuntary petition has been filed, may, under certain circumstances, without the authority of the board of directors, file an answer denying acts of bankruptcy.

The Matter of the Farrell Realty Co., Bankrupt, 10 F.(2d) 612, 6 Am. Bankr. Rep. (N. S.) 731. In this case the petition was regular upon its face, but as a matter of fact there had been no resolution of the board of directors. The directors and stockholders stood by for the period of six months without action, and allowed the rights of innocent persons to become affected through the sale of property and otherwise. The court simply held that the minority stockholders

could not be allowed, under such circumstances, to set the adjudication aside.

The Matter of Lone Star Shipbuilding Co., Bankrupt, 6 F. (2d) 192, 6 Am. B. R. (N. S.) 111. This case involved a situation somewhat similar to that in the case of Dodge v. Kenwood Ice Co. It was held that it was not necessary to give notice of a meeting of the board to directors who were adversely interested, and that the authority granted at the board meeting was sufficient.

It is obvious that the petition in this case was ineffectual for any purpose. The court acquired no jurisdiction. The adjudication must be vacated, and the petition dismissed.

It is so ordered.