## MASSACHUSETTS CONST. CO. v. KIDD.

(Circuit Court, D. Massachusetts. November 10, 1905.)

### No. 1,546.

1. ASSIGNMENTS—RIGHT OF ACTION—AUTHORITY OF ASSIGNEE TO SUE IN NAME OF ASSIGNOR.

Where a right of action has been assigned for a valuable consideration, authority from the assignee to attorneys to bring suit thereon is sufficient, although the assignor is the nominal plaintiff.

[Ed. Note.—For cases in point, see vol. 4, Cent. Dig. Assignments, § 207.]

2. CORPORATIONS—AUTHORITY TO SUE—RATIFICATION OF ACTION OF PRESIDENT.

Authority to bring a suit in behalf of a corporation, given by its president, and subsequently ratified by the board of directors, is sufficient, although such ratification takes place after the commencement of the suit, and after the authority of counsel has been challenged.

3. SAME—POWERS OF DIRECTORS.

The fact that by a contract between a corporation and another the latter is to name the directors to be elected by the corporation does not affect the powers of such directors to act in all matters in behalf of the corporation after their election.

At Law. On motion for rule to plaintiff's counsel to show their authority for bringing the action, and for dismissal of the action.

Storey, Thorndike, Palmer & Thayer, for complainant.
Nason & Proctor and Streeter & Hollis, for defendant.

COLT, Circuit Judge. This motion calls on the plaintiff's attorneys to prove their authority for instituting this suit. The affidavits show, first, that the Massachusetts Construction Company is the nominal plaintiff, and that the real plaintiff is the Massachusetts Construction Company, Incorporated, a Connecticut corporation, to which all the property, assets, and rights of action of the plaintiff were conveyed by

an indenture bearing date October 28, 1901, with express power for bringing suits in the name of the plaintiff; second, that the action was authorized by the president of the Connecticut corporation, and that, subsequent to the commencement of the suit and the filing of the present motion, the action of the president was ratified by the board of directors of the Connecticut corporation in these words:

"Voted, that the commencement of the action now pending in the Circuit Court of the United States at Boston in the name of the Massachusetts Construction Company [of Massachusetts] against Charles G. Kidd for the recovery of certain moneys owing by him to that company to which moneys this company is beneficially entitled under an assignment by that company with power for this company to bring actions for recovering the same in the name of the said Massachusetts Construction Company [of Massachusetts] be, and it is hereby, ratified and confirmed, and that Messrs. Storey, Thorndike, Palmer & Thayer, or any of them, be, and they are hereby, authorized on behalf of this company to prosecute the said action, and to take all such further or other proceedings as they may think proper for the recovery of the said moneys."

The proper party to authorize the bringing of this action was the real plaintiff, and not the nominal plaintiff. "Where a right of action has been assigned for a valuable consideration, the assignment includes a power to prosecute the suit in the name of the assignor, although no express power be given; and the suit may be prosecuted—without the consent—or even against the express dissent of the nominal plaintiff." Howe's Practice, par. 1, Warrant of Attorney, p. 33.

The authorization to bring an action by the president of a corporation, subsequently ratified by the board of directors, is sufficient, although such ratification takes place after the commencement of the suit, and after the authority of counsel has been challenged. Craig v. Twomey, 14 Gray, 486; Walpole v. Gray, 11 Allen, 149; School District v. Richardson, 23 Pick. 62; Ancona v. Marks, 7 H. & N. 686.

The defendant attacks the ratification by the directors of the plaintiff company, and a large portion of the record and briefs of counsel is directed to this issue. It is immaterial, however, whether the nominal plaintiff legally ratified the authority of the attorneys in instituting this suit, and hence it is unnecessary to decide this question.

The defendant also attacks the ratification by the real plaintiff, on the ground that the Connecticut corporation is owned and controlled by the New York Security & Trust Company. This position is not well taken. An examination of the contract between the Connecticut company and the trust company shows that, while only such directors of the Connecticut company were to be elected as the "trust company may desire," still, the directors for the time being were clothed with all the usual powers of directors, and therefore possessed the authority to pass the vote of ratification already referred to.

To defeat this ratification, the defendant also invokes the rule of agency that where the principal by his subsequent ratification seeks to acquire affirmative rights against the other party, he cannot do so unless the other party assents. In my opinion, this rule, or rather exception to the general rule, has no application to the case at bar, which relates merely to the authority of an attorney at law to institute a suit.

Motion denied.