### In re IMPERIAL FILM EXCHANGE.

(Circuit Court of Appeals, Second Circuit. May 16, 1912.)

#### No. 42.

**1.** BANKRUPTCY (§ 72*)—CORPORATIONS SUBJECT TO ACT—"TRADING" OR "MERCANTILE PURSUIT."

A corporation engaged principally in the business of renting films for moving pictures is not engaged in trading or a mercantile pursuit which renders it subject to adjudication as an involuntary bankrupt under Bankr. Act July 1, 1898, c. 541, § 4b, 30 Stat. 547 (U. S. Comp. St. 1901, p. 3423), as amended by Act Feb. 5, 1903, c. 487, § 3, 32 Stat. 797 (U. S. Comp. St. Supp. 1911, p. 1494).

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 17; Dec. Dig. § 72.*

For other definitions, see Words and Phrases, vol. 5, pp. 4477–4478; vol. 8, p. 7053.

What persons are subject to bankruptcy law, see note to Mattoon Nat. Bank of Mattoon, Ill., v. First Nat. Bank of Mattoon, Ill., 42 C. C. A. 4.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**2. BANKRUPTCY (§ 81*)—CORPORATIONS—SUFFICIENCY OF PETITION.**

It is not enough to give a court of bankruptcy jurisdiction to adjudicate a corporation an involuntary bankrupt under Bankr. Act July 1, 1898, c. 541, § 4b, 30 Stat. 547 (U. S. Comp. St. 1901, p. 3423), as amended by Act Feb. 5, 1903, c. 487, § 3, 32 Stat. 797 (U. S. Comp. St. Supp. 1911, p. 1494), to allege that a part of its business is within the statute, but the petition must allege that to be its principal business.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 59, 113–118, 125; Dec. Dig. § 81.*]

Appeal from the District Court of the United States for the Southern District of New York.

In the matter of the Imperial Film Exchange, alleged bankrupt. Appeal from an order dismissing an involuntary petition vacating an order appointing a receiver, approving a report of the master, etc. Affirmed.

Waldo & Ball (G. E. Waldo, of counsel), for appellants.
Luce & Davis (Seward Davis, of counsel), for appellee.

Before COXE, WARD, and NOYES, Circuit Judges.

PER CURIAM. [1] From what is shown in the record, outside the pleadings, concerning the business of the alleged bankrupt, it seems clear that its principal business was that of renting films for moving pictures and that it was not a corporation principally in trading or mercantile pursuits within the meaning of the provisions of the bankruptcy act as they existed when the petition was filed.

The Supreme Court has approved the definition of a "trader" as "one who makes it his business to buy merchandise of goods or chattels to sell again for the purpose of making a profit." And the Supreme Court has also said that a "mercantile pursuit" is trading in the larger sense. Toxaway Hotel Co. v. Smathers, 216 U. S. 439, 30 Sup. Ct. 263, 54 L. Ed. 558.

It seems too clear for argument that a corporation which leases moving picture films is not engaged in trading as above defined, and, indeed, in several recent decisions this court has held corporations outside the act whose business much more nearly approached trading than that of the alleged bankrupt. See Re Wentworth Lunch Co., 159 Fed. 413, 86 C. C. A. 393, affirmed 217 U. S. 591, 30 Sup. Ct. 694, 54 L. Ed. 895; Re Kingston Realty Co., 160 Fed. 445, 87 C. C. A. 406; Re Altonwood Park Co., 160 Fed. 448, 87 C. C. A. 409.

[2] The only ground upon which the petitioners can possibly stand is that their petition alleged upon its face the necessary jurisdictional facts and that they were not controverted. And, if the petition were sufficient, there would be much foundation for this contention because it appears that the corporation did not deny in its answer the allegations concerning the nature of its business.

The relevant averments of the petition are these:

"That the said Imperial Film Exchange, for the greater portion of six months preceding the date of the filing of this petition, has been engaged in the business of selling and leasing moving pictures, films, machines, and

accessories for the exhibition of moving pictures, and has its principal place of business at No. 44 West Twenty-Eighth street, borough of Manhattan, city of New York. That the said Imperial Film Exchange is not a wage earner, nor person engaged chiefly in farming or the tillage of the soil, and is not a national bank or bank incorporated under the state or territorial laws, and your petitioners further allege that the said Imperial Film Exchange owes debts to the amount of $1,000 and over."

Assuming that the business of selling moving picture films, machines, and accessories is within the act, the difficulty is that it is not alleged that the principal business of the corporation was such selling. It was not enough to allege that a part of the business of the corporation was within the statute. It was necessary to allege what its principal business was. As said by the Supreme Court in Toxaway Hotel Co. v. Smathers, supra:

"It may have been engaged in doing two distinct kinds of business. But unless this corporation was 'engaged principally' in mercantile pursuits it was not amenable to the act."

Taking the petition as it stands, there is nothing to negative what appears to have been the fact that the principal business of the corporation was leasing picture films, although occasional sales were made. As already stated, there is no allegation that the corporation was "engaged principally" in a business which brought it within the bankruptcy act.

For these reasons, it must be held that the corporation in question was not subject to be adjudicated a bankrupt, and that the District Court was without jurisdiction of the proceedings further than to determine whether the corporation came within the act. Additional jurisdiction could not be conferred upon it by any waiver or by any attempt of the parties to try immaterial issues.

The order of the District Court, in so far as it dismisses the petition and vacates the order appointing a receiver, is affirmed. But such order in so far as it approves and confirms the findings and report of the special master is reversed; the District Court having no jurisdiction to pass upon the subjects involved therein.

Costs of this court are awarded to the appellee corporation. The corporation should also recover costs in the District Court, but should not recover such costs as grew out of its failure to raise and litigate the jurisdictional question.