### DODGE v. KENWOOD ICE CO. et al.

(Circuit Court of Appeals, Eighth Circuit.    March 22, 1913.)

No. 119, Original.

1. BANKRUPTCY (§ 44*)—CORPORATIONS—VOLUNTARY PETITION—DEFECTS—OBJECTIONS.

Objections that a voluntary petition by a corporation was defective, in that it failed to show that the corporation was not a municipal, railroad, insurance, or banking association, required by Bankr. Act July 1, 1898, c. 541, § 4, 30 Stat. 547 (U. S. Comp. St. 1901, p. 3423), as amended by Act June 25, 1910, c. 412, § 3, 36 Stat. 839 (U. S. Comp. St. Supp. 1911, p. 1494), that the seal of the corporation was not attached, and that it failed to show authority by the corporation, came too late after adjudication, since, if made prior to adjudication, they might have been cured by amendment as authorized by Rev. St. § 954 (U. S. Comp. St. 1901, p. 696), and General Order No. XI (89 Fed. vii, 32 C. C. A. xiv).

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 43–46; Dec. Dig. § 44.*]

2. CORPORATIONS (§ 550*)—INSOLVENCY—ASSIGNMENT FOR BENEFIT OF CREDITORS—AUTHORITY TO MAKE—DIRECTORS.

The board of directors of a Minnesota business corporation has authority to make a general assignment of the corporation's assets for the benefit of creditors.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2190–2200; Dec. Dig. § 550.*]

3. BANKRUPTCY (§ 43*) — CORPORATIONS — ADJUDICATION — DIRECTORS — AUTHORITY.

The board of directors of a Minnesota corporation has authority to adopt a resolution that the corporation is unable to pay its debts and is willing to be adjudged a bankrupt on that ground, without the authority of stockholders.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 38; Dec. Dig. § 43.*]

4. CORPORATIONS (§ 298*)—DIRECTORS—MAJORITY OF BOARD—VACANCY—ABANDONMENT OF MEMBERSHIP.

Rev. Laws Minn. 1905, § 2858, provides that the business of every business corporation shall be managed by a board of at least three directors, elected by ballot by and from the stockholders or members, and that a majority of the directors shall constitute a quorum for the transaction of business. *Held* that, where one of the three directors of a Minnesota business corporation became involved in an altercation at the company's office and either went out or was forced out of the office, and thereafter took no part in the management of the affairs of the corporation, declined to act as an officer or stockholder of the company, and brought

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

204 F.—37

suit to cancel his stock purchase and to recover the entire purchase price, he thereby abandoned his office as director, so that the remaining two directors when assembled and acting as a board, were authorized to pass a resolution that the corporation go into voluntary bankruptcy at once, without notice of the meeting to such third director.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1292–1317, 1319; Dec. Dig. § 298.*]

Petition to Revise Order of the District Court of the United States for the District of Minnesota; Chas. A. Willard, Judge.

Petition by Allen C. Dodge to revise an order of the District Court for the District of Minnesota, denying an application to annul an adjudication of bankruptcy, entered on the voluntary petition of the Kenwood Ice Company. 189 Fed. 525. Petition dismissed.

Henry C. James, of St. Paul, Minn. (W. H. McDonald, of Minneapolis, Minn., on the brief), for petitioner.

Frank W. Booth, of Minneapolis, Minn., for respondents.

Before HOOK and SMITH, Circuit Judges, and VAN VALKENBURGH, District Judge.

SMITH, Circuit Judge. May 29, 1911, there was filed before Alexander McCune, referee in bankruptcy in the district of Minnesota, a voluntary petition by the Kenwood Ice Company that it be adjudged a bankrupt, and the referee at once made the adjudication as prayed. On June 13, 1911, Allen C. Dodge filed a petition to vacate the order, substantially upon the following grounds:

First. That the petition was insufficient.

Second. That the proceedings were never authorized by the stockholders.

Third. That the only authority to file the petition was granted at a special meeting of two out of three directors, and the third director had no notice or knowledge of the meeting, although he lived in the city where the headquarters of the company were, and his residence was well known to the other directors. That by reason of the failure to notify him no legal meeting of the directors was held.

This application having been denied, Mr. Dodge filed a petition to review.

[1] It is first contended that the petition failed to show that the corporation was not a municipal, railroad, insurance, or banking association, as made necessary by section 4 of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 547 [U. S. Comp. St. 1901, p. 3423]), as amended by section 3 of the act approved June 25, 1910 (36 Stat. 839, c. 412 [U. S. Comp. St. Supp. 1911, p. 1494]), and that it did not have the seal of the corporation attached, and failed to show that it was authorized by the corporation.

Reliance is placed upon In re Jefferson Casket Co. (D. C.) 182 Fed. 689. In that case, as in this, the petition was signed by an attorney at law, as well as by officers of the company; but no reference was made to that fact, and it is only mentioned here to state that no consideration has been given to the question of its effect. The deci-

sion in question was rendered by Judge Ray and preceded any adjudication. The latter fact is also true of In re Imperial Film Exchange, 198 Fed. 80, 117 C. C. A. 188.

Under Revised Statutes, § 954 (U. S. Comp. St. 1901, p. 696), and General Order No. XI (89 Fed. vii, 32 C. C. A. xiv), an amendment could have been filed at any time before adjudication. Manifestly the objection came too late to be effective. In re First National Bank of Belle Fourche, 152 Fed. 64, 81 C. C. A. 260, 11 Ann. Cas. 355; In re Plymouth Cordage Co., 135 Fed. 1000, 68 C. C. A. 434; Duluth Street Railway Co. v. Speaks, 204 Fed. 573.

The second and third grounds of attack upon the proceedings may be considered together.

[2] The Kenwood Ice Company was organized under the laws of Minnesota. It was there held that the board of directors could make general assignments for benefit of creditors. Tripp v. Northwestern National Bank, 41 Minn. 400, 43 N. W. 60.

[3] This being true, the board had authority to adopt a resolution that the corporation was unable to pay its debts and was willing to be adjudged a bankrupt on that ground. Home Powder Co. et al. v. Albert J. Geis et al., 204 Fed. 568. If the board of directors can commit this act of bankruptcy, no reason can be assigned why it cannot authorize the filing of a petition in voluntary bankruptcy. Loveland on Bankruptcy (4th Ed.) § 157.

It is therefore concluded that the board of directors had power, without the sanction of the stockholders, to authorize the filing of a voluntary petition in bankruptcy, and the only question remaining is did the board act in this case?

[4] This corporation was created, under the general laws of Minnesota by which it is provided:

"The business of every such corporation * * * shall be managed by a board of at least three directors elected by ballot by and from the stockholders or members. * * * A majority of the directors or trustees shall constitute a quorum for the transaction of business." Section 2858, Laws of Minnesota.

The stockholders had thus chosen C. J. Minor, J. P. Hale, and Allen C. Dodge. About July, 1910, Mr. Dodge went to the company's office and there became involved in an altercation, and either went out or was forced out of the office. After July 1, 1910, he took no part in the management and affairs of the corporation, and on or about the 13th day of July, 1910, declined for the first time to act as an officer or stockholder of the company. On or about December 19, 1910, two icehouses, constituting the assets of the corporation, were destroyed by fire. They were insured.

On January 31, 1911, Mr. Dodge sued the company on a note for $1,120.27, and sued out a writ of attachment, and garnisheed the Mechanics' Insurance Company, the Spring Garden Insurance Company, of Philadelphia, Pa., and the Insurance Company of the State of Illinois for the money due as insurance upon the icehouses. On the same day Mr. Dodge brought suit against the Kenwood Ice Company, C. J. Minor, and J. P. Hale, alleging that he acquired all his stock in

the Kenwood Ice Company as the result of fraud upon the part of Hale and Minor, and asked to recover the entire purchase price. The defendants answered that Mr. Dodge had always retained the capital stock in the company that was issued to him, and he replied that:

"Ever since he learned of the falsity of such representations he has been and is now ready, able, and willing to surrender all the stock and certificates thereof heretofore issued and delivered to the plaintiff in the defendant's company to whomsoever it shall be determined that said stock belongs."

Under these circumstances, on May 27, 1911, Minor and Hale, without notice to Dodge, met and adopted a motion, "Resolved, that the company go into voluntary bankruptcy at once," and thereupon the petition was filed.

It is urgently insisted that there was no valid meeting of the board, in the absence of notice to all its members, and, as Dodge was not notified, the proceedings are invalid. It is stipulated that Minor, Hale, and Dodge were directors at the time of the meeting of May 27th; but this is understood to be an admission of their election and qualification as directors, and not an agreement, if in conflict with the record, that Mr. Dodge was eligible and had not abandoned his membership. Mr. Dodge it appears had quarreled with his associates, had absented himself from all meetings for 10 months, had brought suit to rescind his purchase of stock, which alone made him eligible to be elected a director under the Minnesota law, and had announced his refusal to act as an officer and stockholder. These things, taken together, constituted an abandonment of his office of director. Thompson on Corporations (2d Ed.) § 1093; 29 Cyc. 1404.

If he was successful in his action for rescission, he ceased to be a stockholder, and to hold his office of director after his discovery of the alleged fraud would be a ratification and election to retain his stock. True, the law of Minnesota provided that the board should consist of at least three members; but there was no special provision for filling vacancies, either by the directors or stockholders, and, as the Minnesota law provided that "a majority of the directors or trustees shall constitute a quorum for the transaction of business," when the remaining two members assembled and acted, they constituted the board.

It follows that the petition must be dismissed.