## COUCH et al. v. CENTRAL BANK & TRUST CORPORATION et al.

(Circuit Court of Appeals, Fifth Circuit.  February 21, 1924.)

### No. 4229.

1. **Appeal and error ⊚⟾931(1)—Finding assumed proper where no error assigned.**
   A finding of fact by trial court is assumed proper, where no error is assigned on it.

2. **Banks and banking ⊚⟾315(2)—Ratification of suit by trust officer related back to commencement.**
   Where trustee's board of directors by formal resolution ratified action taken by its trust officer in suing to foreclose a mortgage, the ratification related back to commencement of the suit, and it cannot be contended that suit was not authorized.

Appeal from the District Court of the United States for the Northern District of Georgia;  Samuel H. Sibley, Judge.

Suit in equity by the Central Bank & Trust Corporation, trustee, and others, against the Couch Cotton Mills and others, in which W. D. Couch and others intervened.  From the decree, the interveners appeal. Affirmed.

See, also, 275 Fed. 496.

Mark Bolding and Albert Howell, Jr., both of Atlanta, Ga. (Herman Heyman and Dorsey, Brewster, Howell & Heyman, all of Atlanta, Ga., on the brief), for appellants.

Robert C. Alston, of Atlanta, Ga. (Philip H. Alston, Blair Foster, and E. W. Moise, all of Atlanta, Ga., on the brief), for appellees.

Before WALKER and BRYAN, Circuit Judges.

BRYAN, Circuit Judge.  This is an appeal from a decree of foreclosure of a mortgage, and is based upon the ground that power to bring suit to foreclose was not exercised in a manner authorized by the mortgage.  The mortgage was executed by the Couch Cotton Mills, Inc., to the Central Bank & Trust Corporation, appellee, as trustee, to secure three series of bonds.  The mortgage provides that, in case of default in the payment of any of the bonds, or of interest or taxes, the entire indebtedness then outstanding shall immediately become due and payable, and in that event that the trustee under the mortgage may, and upon demand in writing of the holders of a majority in amount of said bonds shall, proceed to pursue any remedy provided by law or equity for enforcing payment.  The trust officer of the Central Bank & Trust Corporation, with the acquiescence and approval of its board of directors, and after consultation with its general counsel, filed a bill to foreclose, which contains the following paragraph:

"Complainant further avers that demand has been made upon it, as trustee, by holders of a majority of the said bonds, which are called classes A and B, and by the holders of large amounts of the other series of said bonds, requiring it to proceed to enforce the payment of the said bonds and obligations in accordance with said deed of trust, by reason of default having been made in the payment of taxes, interest, and principal on certain of said bonds, which said demand recites that the said default has continued

⊚⟾For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

for more than 30 days. Complainant avers that the statements contained in said demand are true, and that the entire principal of said notes and bonds has been declared to be due and unpaid, and that the same are now declared to be due and payable."

The appellants are majority stockholders of the Couch Cotton Mills, and upon their petition were permitted to intervene in the suit after a decree pro confesso had been entered against the corporation. They alleged that the trustee was not proceeding upon its own election, but upon the demand of the holders of the bonds, that such demand was not in writing, and that the suit was a collusive one.

[1] The appellees insist that the appellants are not entitled to intervene, because they seek to defeat the suit, and do not come in in subordination to and in recognition of the propriety of the main suit, under equity rule 37. We are of opinion, however, that the petition is in the nature of an answer by parties defendant, and, so treating it, we consider the objections raised. The trial court found against the claim that the suit was a collusive one, and properly so, it is assumed, since no error is assigned upon that finding.

The contention that the bill was filed in response to a demand from the bondholders is based upon the averments of the bill above quoted, and not upon any evidence. The bill does not aver that the demand was in writing, but it does aver that the indebtedness is "now declared" by the trustee to be due and payable. The trustee could proceed upon either one of two theories, and it fairly appears that it proceeded upon its own election.

[2] The remaining contentions are that the trustee did not itself authorize the institution of the suit, and could not delegate its discretion to do so to its trust officer; but they become immaterial in view of the fact that, upon the right to maintain the suit being challenged, the trustee's board of directors by formal resolution ratified the action taken by the trust officer. This ratification related back to the commencement of the suit, at which time the mortgage debt was due and the cause of action had accrued. Massachusetts Construction Co. v. Kidd (C. C.) 142 Fed. 285.

The decree is affirmed.