**BOYCE et al. v. CHEMICAL PLASTICS, Inc.**

No. 13925.

United States Court of Appeals
Eighth Circuit.

July 6, 1949.

M. E. Culhane, Minneapolis, Minn., (A. E. Bryngelson, Minneapolis, Minn., was with him on the brief), for appellants.

William Mitchell, St. Paul, Minn. (Francis D. Butler and Doherty, Rumble, Butler & Mitchell, St. Paul, Minn., were with him on the brief), for appellee.

Before GARDNER, Chief Judge, and THOMAS and RIDDICK, Circuit Judges.

THOMAS, Circuit Judge.

This is an appeal from a judgment of the district court affirming and adopting the findings of fact and conclusions of law of the Referee in Bankruptcy, and denying the prayer of appellants'. petition that the adjudication of bankruptcy of Chemical Plastics, Inc., be vacated and that the bankruptcy proceedings be dismissed.

Chemical Plastics, Inc., is a corporation organized under the laws of Minnesota in July, 1938. In July, 1946, the board of directors by resolution established and appointed an executive committee consisting of four of its members specifically named. The resolutions of the board authorized the committee to borrow money in the name of the corporation for the purpose of carrying on its business and to execute checks, notes or other instruments in connection therewith. Thereafter one of the committee ceased to be a member of the board of directors, leaving but three members of the executive committee. .

In September, 1948, a meeting of the executive committee was held at which the three remaining members, namely, Fred P. Memmer, Louis W. Hill, Jr., and Philip W. Fitzpatrick, were present. At that meeting it was unanimously agreed that the corporation should file a voluntary petition in bankruptcy and the officers were instructed to proceed accordingly.

The board of directors had not authorized such action on the part of the committee, and the referee and the court concluded its action in so doing was invalid.

Pursuant solely to such invalid action of the executive committee, on October 19, 1948, a voluntary petition signed by the president and the assistant treasurer of the corporation was filed in the district court praying that the corporation be adjudged to be a bankrupt. On the same day a decree was entered by the district court wherein it was adjudged that "Chemical Plastics, Inc., is a bankrupt under the Act of Congress relating to bankruptcy" and an order was entered referring the matter to the referee for all further proceedings. On November 5, 1948, a first meeting of the bankrupt's creditors was held at which counsel for petitioners in this controversy appeared and objected to the transaction of the business of the meeting on the ground that the filing of the bankruptcy petition had not been authorized, whereupon the meeting was adjourned.

On November 15, 1948, a meeting of the board of directors of the bankrupt was held at which all the members of the board were present except one; and the following resolution was unanimously adopted: "Resolved that the Board of directors of Chemical Plastics, Incorporated, pursuant to full and comprehensive discussion, and with a full understanding of all of the acts and efforts made by the corporation, through its officers and the members of its executive committee, do hereby approve, ratify and concur in the decision reached by them to file a petition in voluntary bankruptcy; and this board does hereby unanimously agree that in the face of all of the circumstances and in the face of the present financial condition of the corporation and the future prospects relative to procurement of materials, etc., that there is no alternative remaining except bankruptcy, and that this board would have approved and directed that a voluntary petition in bankruptcy be filed if as a board it had been convened immediately prior to October 18, 1948."

On December 10, 1948, pursuant to due notice in accordance with the by-laws of the bankrupt, a special meeting of the stockholders was held. A general discussion of the bankrupt's financial condition and affairs was had. The meeting was informed of the action of the executive committee and the subsequent approval thereof by the board of directors. A motion was made by a stockholder and seconded to have the board of directors move to dismiss the bankruptcy proceeding. On the question of adopting this motion 52,-280 2/3 shares voted in the negative and 23,411 shares in the affirmative.

On November 15, 1948, the appellants filed a petition of intervention with the referee praying "that the adjudication of of the Chemical Plastics, Inc., a bankrupt, be vacated and that this bankruptcy proceeding be dismissed" on the grounds:

That the filing of the voluntary petition in bankruptcy was never authorized by the corporation, or by its board of directors; and that the only purpose of filing such voluntary petition in bankruptcy was for the purpose of using the court's jurisdiction to defraud the petitioners and others similarly situated.

It was alleged "that at the time the voluntary petition was filed and long prior thereto * * * Fred P. Memmer, P. W. Fitzpatrick and Louis W. Hill, Jr., dominated and controlled the board of directors and the affairs of the corporation and they alone caused the voluntary petition in bankruptcy to be filed"; that the board of directors owned a controlling number of shares of the bankrupt's stock and that they were its principal creditors; that the purpose of filing the voluntary petition was to bring about the appointment of a trustee whom the three above-named directors expected to control and that they expected either directly or indirectly to acquire the assets of the corporation and to absorb the proceeds of any sales as dividends on their claims to the exclusion of the appellants. That the petitioners were induced to purchase their stock upon representations of the agents of the corporation as to the value of its assets made when the named directors were members of the board; that the corporation is not insolvent; and that there are no suits pending against it and none of its creditors are threatening it.

A hearing was had on the petition of intervention and the bankrupt's answer thereto before the referee on November 26, 1948, and an adjourned hearing on December 15, 1948, after which the referee made findings of fact and conclusions of law and denied the relief prayed for by the petitioners.

Upon petition of appellants to review the referee's order the court adopted his findings and conclusions. The findings are specific and cover all the issues.

Finding No. 7 reads: "All the testimony and evidence introduced upon the hearing of this controversy fails to sustain petitioners' allegation contained in their petition here, concerning and relating to fraud, misconduct, the corporation's solvency, the corporation's profit making, the corporation's ability to maintain itself as a going concern, wrongful designs to control the appointment of a bankruptcy trustee, to acquire the assets in bankrupt's estate, and to absorb the proceeds thereof."

Finding No. 13 reads as follows: "Petitioners did not contend, and there was no proof introduced upon the hearing showing, that the directors of bankrupt corporation did not have authority to ratify the action of the president and assistant treasurer in placing the corporation in bankruptcy or that the meeting of the directors for the purpose of such ratification was in any way irregular or that the resolution of the directors, ratifying such action, is not valid or that the action of the majority of the stockholders * * * is not valid or that the meeting of the stockholders was in any way irregular or that any fraud or misconduct occurred in connection with either the ratification by the directors or the action of the majority of the stockholders. Accordingly the referee finds that the action of the directors by way of ratification and the action of the stockholders adverse to dismissal of this bankruptcy matter were valid and were had in good faith."

The referee and the court found that "The resolution of ratification adopted by the directors makes it perfectly clear that the directors agreed that the bankruptcy court shall have jurisdiction as of the date when the bankruptcy petition was filed, and this the majority of shareholders clearly approved. Thus, in effect, the corporation by its directors and a majority of its shareholders consented that the bankruptcy court should have jurisdiction ab initio." Accordingly the appellants' petition was by the court dismissed.

■ It is a settled rule of this and other courts that the findings of fact by a referee in bankruptcy, if supported by substantial evidence, are not clearly erroneous; and, if approved and confirmed and adopted by the district court, they will not be disturbed on appeal. Link v. Boeshans, 8 Cir., 151 F.2d 322; Frank Adam Electric Co. v. Colt's Patent Fire Arms Mfg. Co., 8 Cir., 148 F.2d 497;

Equitable Life Assur. Soc. of United States v. Deutschle, 8 Cir., 132 F.2d 525; Ricketts v. Waller, 8 Cir., 81 F.2d 977; Grande v. Arizona Wax Paper Co., 9 Cir., 90 F.2d 801.

■ We have considered the record with care, and we are satisfied that the findings of fact are abundantly supported by un-contradicted evidence. These findings include the finding that the corporation was at the times referred to insolvent; that the executive committee and the board of directors in filing and in ratifying the voluntary petition in bankruptcy acted in good faith, and these actions were not taken by them for the purpose of defrauding the petitioners, appellants here. Fred P. Memmer, president and secretary of the bankrupt, was the only witness called to testify at the hearing before the referee. None of the appellants testified, and there was no evidence to support their charges of fraud. They argue that "There can be no doubt that those responsible for filing the voluntary petition, intended to acquire, through bankruptcy proceeding, the assets of the Chemical Plastics, Inc." But the burden rested on appellants to prove such charge, and here again no evidence in the record supports the charge.

We proceed, therefore, to consider the questions of law urged by appellants. Their contentions are:

1. That since the executive committee had no authority to file the voluntary petition in bankruptcy in September, 1948,

(a) The district court did not acquire jurisdiction of either the subject matter or of the person of the corporation, and that, therefore, the adjudication of bankruptcy was void; and

(b) That since the adjudication was void it could not be ratified by either the board of directors or the stockholders, or by the action of both, so as to relate back to the adjudication of bankruptcy and so render the subsequent proceedings valid and legal.

2. That the executive committee did not exist in September, 1948, because the term for which its members were appointed had expired prior to that date; and

3. The resolution adopted by the board of directors on November 15, 1948, ratifying the filing of the voluntary petition by the executive committee was invalid because of the adverse interest of some of the members of the board voting for it without whose votes there was not a quorum present and voting.

■ The appellants' first contention is not tenable. The doctrine of ratification had its origin in the law of agency. "A corporation, like an individual, may ratify and thereby render binding upon it the originally unauthorized acts * * * of its officers or other agents * * *." 13 Am.Jur., Corporations, § 972. "* * * the ratification of an act * * * done * * * by a previously unauthorized officer or agent is, unless rights of third persons have intervened, equivalent to a prior authority and relates back and supplies the authority to do such an act * * *." 13 Am.Jur., Corporations, § 973. "* * * no higher degree of evidence is requisite in establishing ratification on the part of a corporation than is requisite in showing an antecedent authorization." 13 Am.Jur., Corporations, § 976; Federal Savings & Loan Ins. Corp. v. First National Bank, 8 Cir., 164 F.2d 929, 934.

■ The test of the effectiveness of the ratification of an unauthorized act of an officer or officers of a corporation is whether the corporation or its board of directors making the ratification could in the first instance have authorized such an act. For example, if there is no power to make a contract there can be no power to ratify it. Best Brewing Co. v. Klassen, 185 Ill. 37, 57 N.E. 20, 50 L.R.A. 765, 76 Am.St. Rep. 26.

■ It is settled law that "the unauthorized bringing of an action may * * * be ratified by the person in whose name and on whose account it was brought so as to sustain the action from the beginning." See Mechem on Agency § 529 (1914); Bowles v. Wheeler, 9 Cir., 152 F.2d 34, 40; Massachusetts Const. Co. v. Kidd, C. C.Mass., 142 F. 285, 286; Robb v. Vos, 155 U.S. 13, 39, 15 S.Ct. 4, 39 L.Ed. 52, 14 A.C.J., Corporations, § 2246; 19 C.J.S., Corporations, § 1023.

It is not claimed in this case that there were any intervening rights of third persons between the date of filing the voluntary petition in bankruptcy and the adjudication following and the date of the ratification by the board of directors. The referee found specifically, and it is not denied, that "9. No vested rights, requiring protection or consideration, have intervened between the time of the filing of the bankruptcy petition and the filing of the petition to vacate the decree of adjudication and to dismiss this bankruptcy proceeding."

The validity and effect of the ratification in this case depends, then, upon whether the board of directors of a Minnesota corporation organized under Minnesota law would have authority in the first instance to file a petition in voluntary bankruptcy. This must be determined by the laws of Minnesota. Fitts v. Custer Slide Mining & Development Co., 8 Cir., 266 F. 864. Section 301.28, subd. 1, of the Minnesota Statutes, provides that "The business of a corporation shall be managed by a board of at least three directors, who need not be shareholders unless the articles of incorporation or by-laws so require. * * *" This statute, it has been held, authorizes the board to file a petition in voluntary bankruptcy. Dodge v. Kenwood Ice Co., 8 Cir., 204 F. 577. And see In re Community Book Co., D.C.Minn., 10 F. 2d 616, a case involving a Minnesota corporation in which the president of a corporation without authority of the board of directors filed a petition in voluntary bankruptcy and his act was not ratified by the board. The court held not that the board was without authority, but that in that situation the bankruptcy court was without jurisdiction. The case of In re Farrell Realty Co., D.C.W.D.Pa., 10 F.2d 612, 616, held that an adjudication based on a petition filed without authority could not be vacated where the board of directors had knowingly acquiesced in the proceedings for a period of six months and rights of third parties had intervened. It is, we think, conceded in this case that the board of directors rightly exercising their powers under the statute have power to authorize the filing of a petition in voluntary bankruptcy. It follows that the board could authorize an agent to do so subject to the restrictions stated above.

Appellants argue further that the executive committee did not exist in September, 1948, when they met and decided that the corporation should file a voluntary petition in bankruptcy and instructed the officers to proceed accordingly. It may be observed that this contention was not suggested in the petition of intervention nor in the petition to review the order of the referee, and there is no evidence to support it. If this court believed the question to be of sufficient importance that the administration of justice required us to consider and review the matter, no basis exists in the record for such review.

The final contention of the appellants is that the resolution of ratification of the board of directors of November 15, 1948, is invalid because of the adverse interest of some of the members of the board voting for it and without whose votes a quorum of the board was not present. Again, this point was not presented to the referee or to the district court and there was no direct ruling upon it. The contention is directed to the qualification of directors Memmer, Hill and Sinning who were present at the meeting and voted for the resolution. The objection to their qualification is that "they were desirous of sustaining the bankruptcy proceeding, so that they might avoid answering for the damage to the corporation suffered from the wrongful bankruptcy, and to eliminate the other stockholders among other [undefined] reasons." This inferential argument is based upon the fact that the three directors named were creditors of the bankrupt corporation. There can be no objection, however, to directors of a corporation voting to admit its insolvency or to authorize the filing of a petition in bankruptcy, if they do so in good faith. Home Powder Co. v. Geis, 8 Cir., 204 F. 568; Dodge v. Kenwood Ice Co., 8 Cir., 204 F. 577; Regal Cleaners & Dyers, Inc., v. Merlis, 2 Cir., 274 F. 915. The referee and the court here found that the acts of the members of the board of directors

were in good faith, and the record, we think, abundantly sustains such findings.

It is our conclusion that the appellants' contentions are without merit. The order and judgment appealed from is, therefore, affirmed.